**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-2427
_____

HEMMINGWAY MUKORA SAISI,
                                                Appellant

v.

CAROLYN MURRAY, Essex County Prosecutor; MICHAEL MARUCCI, Esquire,
Department of Public Defender, Essex, NJ; ELIZABETH CONNOLLY, Commissioner
Human Services, NJ; ALFARO ORTIZ, Department of Corrections, Essex County, NJ
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-16-cv-05064)
District Judge: Honorable Claire C. Cecchi
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 18, 2020

Before: JORDAN, BIBAS and PHIPPS, Circuit Judges

(Opinion filed September 22, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Hemmingway Saisi, proceeding *pro se*, appeals from the District Court's order dismissing his complaint. We will affirm.

Because we write primarily for the benefit of the parties, we will recite only the facts necessary for our discussion. In his first complaint, Saisi alleged that he was incarcerated for eleven years and was "tortured and terrorized" while detained. The only reference to the defendants was that they "maintained/tolerated/supervised" unconstitutional activity. After considering the defendants' motions to dismiss, the district court dismissed the claims without prejudice, and Saisi was given an opportunity to amend his pleading.

Saisi twice amended his complaint, ultimately bringing claims against only four of the original 16 defendants. According to Saisi, he was arrested in 2008 for making terroristic threats against his former counsel. While awaiting trial, Saisi was allegedly transferred between Essex County Jail and Ann Klein Forensic Center, where he was receiving pretrial evaluation and treatment. He alleged that he was beaten and forced to take psychotropic medications because he refused to plead guilty. He stated that the defendants conspired against him by using psychologists to diagnose him with numerous diseases and force him to take medications. Saisi contends that he was held without a trial for seven years and claimed that the deplorable conditions of his confinement in the forensic center and jail were unconstitutional.

The District Court granted the defendants' motions to dismiss. It noted that even if Saisi's claims about the conditions of his confinement could be substantiated, there

were no allegations that the four named defendants were responsible for or involved in the alleged harms. The complaint also did not contain facts sufficient to state a claim for conspiracy.

We have jurisdiction under 28 U.S.C. § 1291 and maintain plenary review over the District Court's grant of the motion to dismiss pursuant to Rule 12(b)(6). See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plausibility standard "require[s] a pleading to show more than a sheer possibility that a defendant has acted unlawfully." Connelly v. Lane Const. Corp., 809 F.3d 780, 786 (3d Cir. 2016).

Defendants in civil rights actions "must have personal involvement in the alleged wrongs to be liable and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007). A supervisor can be held liable, but only where "he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." Santiago v. Warminster Tp., 629 F.3d 121, 129 (3d Cir. 2010); see also Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.").

3

Saisi asserted that the defendants—including the Essex County Prosecutor, the warden of the Essex County Jail, a public defender, and the New Jersey Commissioner of Human Services—were liable for the unconstitutional conditions of confinement under a theory of respondeat superior or supervisory liability. Though the conditions of his confinement may have been unconstitutional as pleaded, Saisi did not allege any facts showing the defendants' actual knowledge of the alleged violations or participation therein. See Santiago, 629 F.3d at 129; Rode, 845 F.2d at 1207. Saisi asserted that some defendants were "in charge of agencies that allowed this to happen," and that liability stemmed merely from defendants' "belief" that their conduct would be "tolerated." However, a director cannot be held liable "simply because of his position as the head of the [agency]." Evancho v. Fisher, 423 F.3d 347, 354 (3d Cir. 2005). Even accepting the factual allegations as true, there is not enough, without more, to support a claim.[1]

The conspiracy claim fails for the same reason. Conspiracy claims require the plaintiff to, among other things, "demonstrate that the state actors named as defendants in the complaint somehow reached an understanding to deny the plaintiff his rights." Jutrowski v. Township of Riverdale, 904 F.3d 280, 295 (3d Cir. 2018) (internal citation omitted). As the District Court explained, Saisi's conclusory allegations did not contain any specific facts showing that there was an agreement between the parties.[2]

---

[1] To the extent that Saisi alleged that the public defender who represented him at trial violated his constitutional rights, those claims are not cognizable under § 1983 because public defenders are not state actors. Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981).

[2] Saisi was instructed by the Clerk to include arguments in his opening brief about any

4

Accordingly, we will affirm the judgment of the District Court.  Saisi's motion to expand the record is denied.

---

defendants which were previously dismissed and not named in the final amended complaint if he wished to have them reviewed.  As he did not include any such arguments in his brief, we have reviewed only the District Court Order dismissing the operative complaint.